### The Moline Water Power and Manufacturing Company, Appellant, v. Lorain L. Nichols, Appellee.

#### APPEAL FROM ROCK ISLAND.

The employment of an engineer to do service for a corporation, is proved, if it appears by the testimony of the secretary of the company, and the action of the board of directors, that he was recognized and consulted as such, and his plans, etc., were adopted by the board.

Where it appears doubtful whether certain witnesses were or not interested in the event of the suit, no objection having been made to their being sworn, and the court instructed the jury that such evidence might be disregarded, there is no error in the reception of their testimony.

In an action on the common counts for work and labor, it is not necessary that the plaintiff, who charges for a year's salary, should prove a specific contract. A variance between the bill of particulars and the evidence, will not defeat a ·recovery—there is no material difference between a charge for a year's service and a charge for a year's salary.

THIS was an action of assumpsit, brought in the Rock Island Circuit Court by the appellee against the appellant.

The declaration contained the common counts only, to which the general issue was pleaded. The plaintiff filed, with his declaration, this account:

MOLINE WATER POWER AND MANUFACTURING CO.,

| 1857. | To Lorain L. Nichols, | Dr. |
|---|---|---|
| May 11. | To traveling expenses from Rochester to Moline............... | $20.00 |
| "  25. | " stationery for use of Company......................... | 2.00 |
| June 23. | " price of one axe.......................................... | .75 |
| Nov. 7. | " amount paid D. Pagin for assistance.................... ....... | 3.00 · |
| "  22. | " money advanced for board............................. | 100.00 |
| "   " | " traveling expenses .................................. | 25.00 |
| 1858. | | |
| May 15. | " one year's salary as engineer of said company............ | 2,000.00 |
| Sept. 3. | " making out estimate, by request of S. J. Goodwin, Treas. | 20.00 |

$2,170.75

By cash.................·....................... 170.75

Balance due.................·...............................$2,000.00

There was a verdict for the plaintiff for thirteen hundred and ninety-seven dollars, twenty-two cents.

Plaintiff filed his motion for a new trial, assigning causes as follows:

Because the court improperly and erroneously instructed the jury at the request of the plaintiff.

Because the verdict of the jury is contrary to the instructions of the court.

Because the said verdict is contrary to the law and the evidence.

Because the court admitted improper evidence on the part of the plaintiff.

Because the court excluded proper evidence offered on the part of the defendant.

Because of improper conduct on the part of the jury.

Because the court improperly and erroneously refused the first instruction prayed on the part of the defendant.

Motion overruled, and defendant excepted.

There was a verdict on the judgment, and the defendant below appealed.

J. B. HAWLEY, for Appellant.

A. WEBSTER, for Appellee.

WALKER, J.   In this case it is insisted that the evidence fails to sustain the verdict.   It appears that appellee acted as engineer for the appellant, and the secretary testified that he was employed by the company.   The secretary certainly had an opportunity of knowing whether or not plaintiff was employed by the company.   This witness also testifies that various plans of improvement were submitted to appellee by different members of the company, and one was finally agreed upon and adopted by them.   Appellee surveyed the river, made plans and specifications, and the monthly estimates of the work which was done under the contract of Williams & Parsons.   This witness also testified that he employed the appellee, representing that he was authorized by the company to make the contract.   He says: " I was secretary of the company.   I did not employ him wholly of my own act; it had been sanctioned by the company.   I think all of the directors were present when he was recognized as the engineer of the company.   No formal contract was entered into as to his services; by this I mean no written contract as to the pay: he was recommended to us by Mr. P. R. Reed, and we set him to work, and told him we should want him until the whole was completed.   This improvement was going on at Moline.   I should say the company engaged him; that the directors and nearly all of the stockholders were present when he was engaged."

This evidence is clear and positive, that appellee was employed by the company, and that he acted under that engagement.   But if this evidence was wholly rejected, there is still an abundance in the case, from which to infer that the services were performed at the request of the company.   Cyrus Pitts, at the time president of the company, testified that appellee was recognized as the engineer of the company.   That he made and submitted a plan for the improvement, which was adopted; that he made estimates upon which contractors were paid, and

superintended the work. Sickles, a director at the time, testified that in June, 1857, the board of directors, received a map of a plan for this improvement, presented by appellee ; that the subject was discussed and the plan adopted by the board. That the contract with Williams & Parsons was let upon this plan and specifications. He also says that he thinks appellee was, by a resolution of the board at that meeting, retained as the engineer of the company to superintend the work. That he did superintend it as long as it progressed, which was until the following November. While it was progressing there were meetings of the board of directors, and appellee was generally present, and the board always consulted him as engineer, in reference to the progress of the work in all its departments.

Again, the company in their deed of conveyance to Sickles and others, dated the 20th of June, 1857, refer to the surveys, plans, specifications and estimates of appellee as the engineer of the company. John P. Cook, one of appellant's witnesses, testified that he was recognized as the engineer in charge of the work at a meeting of the board, in May, 1857. From all this evidence, the conclusion is inevitable that appellee was the employee of the company. It is true that there is some evidence which tends to show that the firm of Pitts, Gilbert & Pitts wrote for and procured appellee to come from the East, and that he may have commenced the surveys of the work under their direction, but it also appears that the company had not then been organized, and these facts are entirely consistent with his subsequent employment by the company, and are by no means repugnant. We are therefore of the opinion that the jury were fully warranted in their finding by the evidence.

It is likewise urged, that the court below erred in refusing to exclude the evidence of the two Pitts from the consideration of the jury, because they had an interest in the event of the suit. No objection was made to their being sworn in chief, nor were they sworn on their *voir dire*. And from the whole of their evidence, it is not manifest that they had any interest in the event of the suit, so that even if evidence thus received, might be excluded because of the interest of the witnesses, still in this case the fact of their being interested was doubtful. The court instructed the jury that if they believed that Pitts, Gilbert & Pitts, employed appellee, and appellants did not, then they should find for the appellants. This in effect told them if they believed that the Pitts were interested, they should disregard their evidence. We perceive no error in refusing to exclude this evidence from the consideration of the jury.

It is again urged, that the plans were, from the incompetency of appellee, of no use to the company, and for that reason he

was not entitled to recover compensation for his services. The fact that they continued him in their employment, is a tacit admission on their part that they regarded him as competent, and it devolved upon them to show his incompetency. This they might do by experts, who were skilled in work of this description. If his plans were insufficient, or if the work done under his direction was improper, those facts could have been readily shown. In this case appellants resorted to evidence to show these facts. A number of witnesses were introduced who were engineers, but with one exception, they were not hydraulic engineers. They differ materially as to the sufficiency of the plan and the work. The hydraulic engineer inclined to the opinion that the work was too light for a ten feet head, but the evidence shows that the extreme head required by this work was no more than seven feet. It therefore follows, that this evidence by no means proves that the plan or work was insufficient. When the evidence is all considered, we are not prepared to say that it fails to sustain the finding on this question.

It is also urged, that the court below erred in refusing the first of the instructions asked by appellants. It asserted that as the plaintiff had by his account, filed with his declaration, charged the defendant with " a year's salary," he could not recover, unless he proved a specific contract for that period of time, and for the sum charged. The declaration only contained the common counts, and to hold that a special contract must be proved to authorize a recovery, would be to hold that a variance between the bill of particulars and the evidence will defeat a recovery. We are not aware of any such rule of practice, and as such a practice could in no way tend to the attainment of justice, but on the contrary, to defeat it, we feel no inclination to adopt such a rule. Substantially there can be no difference between a charge for a year's salary and a year's service, when found in the bill of particulars. If it were so averred in a special count, it might possibly be otherwise.

After a careful examination of this record, we are unable to perceive any error for which the judgment of the court below should be reversed, and the same is therefore affirmed.

*Judgment affirmed.*